IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN HAYDEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No: 1:05-cv-2405 (RJL) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS**

The United States submits this reply to address two points raised by plaintiff in his opposition to the motion to dismiss. The United States otherwise relies on its motion to dismiss.

STATEMENT

This is a civil action in which plaintiff alleges that, beginning with tax year 1996, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against him.1/ The United States moved to dismiss asserting that the Court lacks subject matter jurisdiction as plaintiff failed to establish that he exhausted his

---

1/ In his opposition, plaintiff appears to abandon his request for a refund. (Pl. Opp. at 3 ("As to counsel's other occult bases for dismissal, including counsel's attempt to dismiss a refund suit neither intended, nor filed, all are addressed below.").) Based upon this assertion and his failure to otherwise challenge the United States' assertion of lack of jurisdiction over his refund claim, the United States does not address the regulation governing refund claims in this reply.

657.1

administrative remedies as required by 26 U.S.C. §§ 7422 and 7433.

In his opposition, plaintiff presents two main arguments in opposition to the United States' motion to dismiss: (1) parties may effect service under Fed. R. Civ. P. 4(i)(1)(A) and (2) he need not exhaust his administrative remedies as the regulation is invalid.2/

Plaintiff asserts that parties may serve initial process pursuant to Fed. R. Civ. P. 4(i)(1)(A). (Pl. Opp. at 1-2.)  Parties may <u>not</u> serve initial process under Fed. R. Civ. P. 4(c)(2).  This is true even when service is effected by certified or registered mail as described in Fed. R. Civ. P. 4(i).  *See e.g., Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730604, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, * 1(N.D. Cal. 2001).   Thus, plaintiff's complaint should be dismissed for failure to effect proper service.

Plaintiff also asserts that he need not exhaust his administrative remedies as the

---

2/  Plaintiff, relying on *Randolph-Sheppard Vendors of Am. v. Weinberger,* 795 F.2d 90 (D.C. Cir. 1986), also asserts that there is an exception to the requirement to exhaust administrative remedies.  (Pl. Opp. at 3.)  He asserts that the IRS has articulated a clear position it is unwilling to consider.  (*Ibid.*)  Plaintiff fails to assert that he attempted compliance with the regulation by submitting a valid administrative claim, thus the IRS has not articulated a clear position that it will not consider any administrative claim for damages.  Also, plaintiff may now be asserting jurisdiction under the Administrative Procedures Act ("APA").  (Pl. Opp. at 19.)  The APA does not provide jurisdiction.  An action brought under the APA is barred if it concerns the assessment or collection of federal taxes.  *See Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuirl v. United States*, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished).

regulation is invalid. (Pl. Opp. at 3-17) The regulation is valid. Plaintiff alleges that 26 C.F.R. § 301.7433-1 "is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating, and amending, 7433; and by effectively converting a '7433 damages' claim into a '7422 refund' claim." (Pl. Opp. at 4.) Plaintiff's claim of regulatory invalidity fails for two reasons.

First, because plaintiff has not shown any attempt to comply with 26 U.S.C. § 7433's requirement to exhaust administrative remedies, his claim of regulatory invalidity is not ripe for adjudication.

Second, the regulation is valid. *Chevron* provides the analytical framework for considering the validity of this regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding. *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld.

*Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2699 (2005).

Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section

7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in *Chevron*.

The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to

filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed determination. By requiring a taxpayer to wait six months after filing an administrative claim before filing an action in district court, the IRS is provided time to gather evidence and consider, and perhaps settle, the claim before litigation.3/ Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress's mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review. The regulation is plainly valid.

---

3/ The section also includes an exception. If an administrative claim is filed within the last six months of the two year period of limitations, the taxpayer may file an action in court immediately after filing his administrative claim.

657.1

CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court grant the motion and dismiss the case.

DATE: May 1, 2006.                    Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #664266
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone:  (202) 307-6390

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS was caused to be served upon plaintiff *pro se* on May 1, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

    KEVIN HADEL
    Plaintiff *pro se*
    1515 Rop Gramde Drive
    Apartment 607
    Plano, TX 75075

    /s/ Pat S. Genis
    PAT S. GENIS #446244